UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DONNELL FLIPPIN                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:10CV-142-M

MATTIE FLIPPIN *et al.*                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court for screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, this action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff Donnell Flippin filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 against Mattie Flippin, his father's ex-wife; Franklin Mayor Hurbert Williams; Simpson County Attorney Sam Phillips; the City of Franklin; and private attorney Tim Crocker. He sues each Defendant in his or her individual capacity and alleges a violation of the First, Eighth, and Fourteenth Amendments to the U.S. Constitution.

Plaintiff alleges that he was falsely arrested on March 25, 2010, for allegedly violating an Emergency Protection Order (EPO) and detained in the Simpson County Jail "where he was illegally incarcerated and terrorized for two weeks by the combined and concerted activities of defendants." He claims that Defendant Mattie Flippin falsely accused him of violating the EPO on March 7, 2010, "which was a proximate cause of his false imprisonment and injury." He alleges that Defendant Mayor Williams and Defendant County Attorney Phillips "were told by the plaintiff that he was innocent of Defendant Flippin's charge and that he was in Parsons Tennessee" on the date he allegedly violated the EPO. Plaintiff claims that Defendants Williams

and Phillips "were notified of this prior to plaintiff's arrest and their 'failure to act' was a proximate cause of plaintiff's false imprisonment and injury."

Plaintiff additionally claims that Defendant Crocker, who represented Defendant Mattie Flippin both in her divorce from Plaintiff's father and in the EPO violation matter, denied him access to court. He claims that Defendant Crocker "played the role of the County Attorney when he came to the Simpson County Jail on April 6, 2010 where the plaintiff was being detained and coerced him [into] dismissing his appeal in which was challenging his Emergency Protection Order conviction." More specifically, Plaintiff claims:

> On April 6, 2010 Defendant Crocker drafted a "Joint Motion to Dismiss Appeal." Thereafter, [Crocker] and Mike West visited plaintiff at the Simpson County Jail with the motion. Defendant Crocker waited in the lobby and sent Mike West into the visiting room to talk to plaintiff. Mr. West then told the plaintiff that defendant Crocker could get him out of jail but that the plaintiff had to stop filing legal papers in his father L.C. Flippin's behalf. Mr. West also told the plaintiff that defendant Crocker told him that this was illegal. The plaintiff was under so much stress and duress due to his false arrest he signed the motion, it was either sign it, or stay in jail, a catch 22 decision. Defendant Crocker's conduct was unethical when he played the role of the County Attorney in this matter, and thus, so was Defendant Phillip's for allowing him to do so. Furtherance, such conduct denied plaintiff access to the Court.

As relief, Plaintiff seeks compensatory and exemplary damages. He additionally asks the Court to enter an order holding the execution of a Simpson Circuit Court decree in abeyance pending resolution of the instant action. The decree in question relates to property division and debt allocation in connection with Defendant Mattie Flippin's divorce from Plaintiff's father.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a

2

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19

3

(1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

To establish a right to relief under § 1983, a plaintiff initially must plead and prove two elements: (1) that he has been deprived of a right, privilege or immunity secured by the Constitution and laws of the United States; and (2) that the defendant(s) deprived him of that right while acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A.  ***Defendants Mattie Flippin and Tim Crocker***

Defendants Mattie Flippin and Tim Crocker are private citizens. Plaintiff makes no allegation that they are employed by the state. Only when private citizens act in concert with state officials may they be subjected to liability under 42 U.S.C. § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). In order to state a claim based on the existence of a conspiracy under §1983, a plaintiff must plead "with some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff has not offered any factual support or evidence upon which a conspiracy between the private Defendants and the state Defendants could be based.

As to Defendant Mattie Flippin, "the mere furnishing of information by a private party to a law enforcement official, even if the information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983." *Young v. Arkansas Children's Hosp.*, 721 F. Supp. 197, 198 (E.D. Ark. 1989); *see also Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor.").

Further, despite Plaintiff's broad statement that Defendant Phillips allowed Defendant Crocker to play the role of County Attorney, Plaintiff alleges no facts in support of any participation, acquiescence, or even knowledge on the part of Defendant Phillips in any of Defendant Crocker's alleged activity. Instead, Plaintiff alleges that an individual by the name of Mike West, whose job and title are unspecified, spoke with him on behalf of Defendant Crocker about not filing documents on his father's behalf and about signing the joint motion. Defendant Crocker signed the joint motion to dismiss the appeal on Mattie Flippin's behalf (Ex. M), and Plaintiff signed the joint motion on his own behalf, *pro se* (Ex. M). No one else signed the document, and a Kentucky Court of Appeals judge entered the order dismissing the appeal (Ex. N.). There are simply no facts demonstrating any state action on the part of Defendant Crocker, a private attorney representing a private party's interests.

Accordingly, the Court concludes that Plaintiff's § 1983 claims against Defendants Mattie Flippin and Tim Crocker fail because those Defendants are not state actors. The claims will be dismissed for failure to state a claim upon which relief may be granted.

### B. *Defendants Mayor Hurbert Williams and County Attorney Sam Phillips*

Plaintiff has alleged no facts demonstrating any constitutional violation by either Defendant Williams or Phillips for his alleged failure to act to prevent Plaintiff's arrest. To be sure, attachments to Plaintiff's complaint indicate that Defendant Mattie Flippin filled out a criminal complaint and arrest warrant form on March 8, 2010 (Ex. C); that a Simpson District Court Judge issued the warrant of arrest on March 9, 2010 (Ex. C); and that an officer of the Simpson County Sheriff's Department served the arrest warrant on Plaintiff on March 25, 2010 (Exs. C & J). Neither Defendant Williams nor Phillips had any role in these events leading up to Plaintiff's arrest, and their purported failure to intervene and believe Plaintiff's version of events over Defendant Mattie Flippin's version of events following the issuance of an arrest warrant by a judge does not rise to the level of any constitutional violation.

The Court, therefore, will dismiss the claims against Defendants Williams and Phillips for failure to state a claim upon which relief may be granted.

### C. *Defendant City of Franklin*

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby

6

make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Nothing in the complaint demonstrates that Defendants' actions or inaction occurred as a result of a policy or custom implemented or endorsed by the City of Franklin. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

For the reasons set forth more fully above, the instant action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
 Defendants
4414.005